## 8518

### BURGESS v. TUCKER.

1. CHARGE.—In an action for damages for enticing a servant from his employer for the Judge to say "in a case of this kind enticement is the inducement" should not be construed to mean the Judge thought the case made out.

2. WILFULNESS may be inferred where the wrongdoer does not actually realize that he is invading the right of another, if the act committed is done in such a manner that a person of ordinary reason and prudence would say it was a reckless disregard of another's rights.

3. APPEAL.—An objection to the use of the word "sue" in a charge where obviously used for "recover" is drawing the point too fine.

4. CHARGE.—An instruction, in this action, clearly referring to a right of action between master and servant, is not prejudicial.

5. APPEAL—JURISDICTION.—This Court cannot reverse a judgment on the ground that the verdict is contrary to the preponderance of the evidence.

Before DeVore, J., Anderson, October term, 1912. Affirmed.

Action by J. M. Burgess against J. B. Tucker.   Defend-
ant appeals.

*Messrs. Bonham, Watkins & Allen,* for appellant, cite:
*As to charge on facts:* 47 S. C. 488; 90 S. C. 53, 162; 91
S. C. 217; 53 S. C. 150; 92 S. C. 188; 70 S. C. 49; 76
S. C. 49.

*Messrs. Breazeale & Pearman,* contra, cite: *Charge not
on facts:* 33 S. C. 241.   *Charge states legal principle:* 93
S. C. 183; 63 S. C. 312.   *Obvious inadvertence in charge
is not error:* 32 S. C. 405; 40 S. C. 92, 153, 389, 534; 33
S. C. 83; 37 S. C. 535; 41 S. C. 452.

April 10, 1913.   The opinion of the Court was deliv-
ered by

MR. JUSTICE WOODS.   In this action, for persuading and
enticing one Matilda Owens to break her contract with the
plaintiff and leave his service, the plaintiff secured a judg-
ment for five hundred dollars, actual and punitive damages.
The appeal relates entirely to the alleged errors in the charge
to the jury.

There is no foundation for the first three exceptions,
assigning error in that the Circuit Judge violated the Consti-
tution in charging on the facts.   The expression, "in a case
of this kind, enticement is the inducement," and other
like expressions do not for a moment bear the con-
struction that the Circuit Judge meant that the plain-
tiff had made out a case of enticement; on the contrary, it is
perfectly clear that the meaning was that he was about to
state the law applicable in any action for enticement.

The fourth exception assigns error in the following
instruction: "Not only is the conscious invasion of the
rights of another, in a wanton, wilful and reckless manner

an act of wrong, but the same result follows when the wrongdoer does not actually realize that he is invading the rights of another; provided the act is committed in such a manner that a person of ordinary reason and prudence would say it was a reckless disregard of another's rights." This is the law as laid down in *Tolleson v. Southern Railway,* 88 S. C. 7; 70 S. E. 311.

The basis of the fifth exception is that the judge charged the jury, "the plaintiff cannot sue on any other contract except the one set forth in this complaint," the objection being that the words "sue" was used instead of the word "recover." The point is too fine. The meaning of the Judge was obvious, and if counsel for the defendant thought the inadvertence was material, he should have called attention to it.

There was no confusion in the following language assigned as error in the sixth exception: "And I charge you that if either party violated the contract, breached it, that is, broke it, refused to carry it out, and to perform the conditions therein stated, then the other party would have a right of action for damages based on the breach of the contract." From the context, it is clear that the right of action referred to was the right of action by the plaintiff and Matilda Owens, each against the other, and not any right that might exist in favor of the plaintiff against the defendant.

The remaining exceptions complain of error in refusing to order a new trial on the ground that the verdict was contrary to the preponderance of the evidence. It is too well settled for discussion that this Court cannot reverse a judgment on that ground.

Affirmed.